UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**DONNELL DWAYNE DIEGO,**

    Movant,

v.                                       Civil Action No. 2:24-cv-00219
                                    Criminal Action No. 2:14-cr-00060-1

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 39), filed on April 29, 2024. As movant has proceeded pro se, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of Proposed Findings and Recommendations ("PF&R"). Judge Tinsley entered his PF&R (ECF No. 46) on August 5, 2025, to which objections were due by August 22, 2025. No objections have been filed.

The movant pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. ECF Nos. 1, 6, and 7. The movant was sentenced to a 188-month term of

imprisonment to be followed by a six-year term of supervised release. ECF No. 19. A Judgment to that effect was entered on October 16, 2014. Id. The movant did not file a direct appeal.

In the instant motion, the movant alleges that his enhanced sentence under 21 U.S.C § 851 should be revisited under the First Step Act ("FSA"). ECF No. 39 at 4. Further, the movant requests "Reduction of sentence, to establish the record, as a career offender." Id. at 12.

The PF&R recommends that movant's "Motion Under 28 U.S.C. 2255 to vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" be denied. PF&R at 7. First, the magistrate judge aptly determined that the movant failed to demonstrate that the motion was filed within the statutory one-year period under 28 U.S.C. § 2255(f)(1). Id. at 5. Second, the magistrate judge appropriately found that movant's reliance on FSA is misguided, as the cited provisions are inapplicable to his sentence, and thereby he is not entitled to relief. Id. at 7. Existence of either of those two grounds is alone sufficient to merit denial of the § 2255 motion in this case.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed. See Thomas v. Arn, 474 U.S. 140

(1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).  Objections in this case having been due on August 22, 2025, and none having been filed, and the court finding no clear error, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

1. The findings and recommendations made in the magistrate judge's Proposed Findings and Recommendations (ECF No. 46) be, and hereby are, ADOPTED by the court and incorporated herein;

2. The movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 39) be, and hereby is, DENIED; and

3. This action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: August 28, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge

4